MANN (FLAGG v.). See Cases Nos. 4,847 and 4,848.

MANN (HAWES v.). See Case No. 6,239. .

MANN (McCARTY v.). See Case No. 8,685.

## Case No. 9,035.

### MANN v. SACKS.

[Bee, 202.] [1]

District Court, D. South Carolina. April 21, 1804.

DAMAGES—TORTS—NEUTRAL VESSEL — FALSE PAPERS.

False papers divest a neutral vessel of all right to redress, under treaties, or the law of nations.

This is a suit for damages. The defendant on the 25th of December last, captured on the high seas, and carried into the island of Cuba, the schooner Ann, with a cargo of slaves. [Henry Maurice] Sacks at that time commanded a French national brig called La Sophie, and was duly commissioned to cruize. When he boarded and took possession of the Ann, she was under the command of one Ogden, who called himself a Danish subject, and was reputed owner, to cover the property which, in fact belonged to [Spencer] Mann and Foltz of this town. The vessel was sailing under a Danish flag; her register, and all the papers on board were Danish; and when Sacks boarded, Ogden asked him if the French were at war with the Danes.

BY THE COURT. It was contended for the actors, that this court, as an instance court, may take cognizance of all maritime causes, and cases have been cited to this effect. In all suits hitherto sustained by me, one or other of the following circumstances existed: 1st. The illegal equipment in our ports of the capturing vessel, contrary to act of congress of 5th June, 1794. 2d. Disregard of sea-letters produced, as required by the treaty with France; as in Delcol and Arnold. 3d. Capture within a marine league of this coast.

It is true that the question of prize or no prize has sometimes been implicated with matters that concerned the sovereignty of the United States, or a violation of her treaties.

According to our present treaty with France, certain papers therein specified shall

suffice to fix the national character of the vessels of both powers. If such are produced without due effect, and if the captured vessel be brought infrà praesidia of her own courts, those courts will, without hesitation, interfere. But if American citizens will, for the sake of gain, divest themselves of their neutral character, and send their vessels to sea under foreign or masked papers, they do so at their peril. They forfeit all right to the protection of this court and of the treaties intended for the benefit of those who bring themselves fairly within their provisions. It appears clearly from a variety of evidence, including two policies of insurance, that this vessel had no claim to be considered as American. If the French vessel of war had brought her into this port, the treaty would have justified her in carrying her out again, as a Danish bottom; nor can the captain be now made answerable personally. He has pleaded to the jurisdiction of the court: he has a right to do so; and the libel must be dismissed with costs.